FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 0 5 2007
APR. 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PHYLLIS RAMIREZ, as Mother and )
Guardian of PAUL RAMIREZ, a minor, )
)
Plaintiff, )
)
v. )
)
CHICAGO POLICE OFFICER ROBERT )
KELLINGER, Star No. 9705, and the )
CITY OF CHICAGO, )
)
Defendants. )

07CV1873
JUDGE BUCKLO
MAGISTRATE JUDGE VALDEZ

Jury Demand

## COMPLAINT AT LAW

NOW COMES Plaintiff PHYLLIS RAMIREZ, as Mother and Guardian of PAUL

RAMIREZ, a minor, by and through counsel DANIEL E. RADAKOVICH, and

complaining of Defendants CHICAGO POLICE OFFICER ROBERT KELLINGER, Star

No. 9705, and the CITY OF CHICAGO, states as follows:

### Introduction

1.     This civil action is brought pursuant to the United States Constitution and the

Civil Rights Act, specifically 42 U.S.C. §§ 1983 and 1988, and the laws of the State of

Illinois, to redress deprivations of the civil rights of Plaintiff by the acts and/or omissions

of Defendant Chicago Police Officer Robert Kellinger, committed under color of law.

### Jurisdiction and Venue

2.     This Honorable Court has federal question jurisdiction, pursuant to 28 U.S.C.

§§ 1331 and 1343(a), over claims arising under 42 U.S.C. §§ 1983 and 1988.

3.     Supplemental jurisdiction over Plaintiff's pendent state law claims exists

pursuant to 28 U.S.C. § 1367(a).

4.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Northern District of Illinois, the judicial district in which the claims arose, and in which the Defendants currently are located.

### Jury Demand

5.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

### The Parties

6.     Plaintiff PAUL RAMIREZ (hereinafter, "PAUL") is, and at all times relevant to this Complaint was, a minor (born on XX/XX/1989). Plaintiff PHYLLIS RAMIREZ is PAUL's Mother and Guardian.

7.     PAUL is, and at all times relevant to this Complaint was, a citizen of the United States and resident of the State of Illinois. PAUL remains a citizen and resides in Chicago, Illinois.

8.     Plaintiff PHYLLIS RAMIREZ is, and at all times relevant to this Complaint was, a citizen of the United States and resident of the State of Illinois. PHYLLIS RAMIREZ remains a citizen and resides in Chicago, Illinois.

9.     Defendant CITY OF CHICAGO is a municipality that is a political subdivision of the State of Illinois; was the employer of Defendant ROBERT KELLINGER, Star No. 9705 (hereinafter, "KELLINGER"); and is, and at all times relevant to this Complaint was, responsible for the policies, practices, and customs of the Chicago Police Department (hereinafter, "CPD").

10.     Defendant KELLINGER was, at all times relevant to this Complaint, a duly appointed and acting police officer of the CPD, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the CPD, Defendant

- 2 -

City of Chicago, and the State of Illinois.

## The Facts

11.   The legendary Uptown Theatre on Broadway and Lawrence on the north side of Chicago is only a few blocks from PAUL's residence.

12.   On or about April 9, 2006, the Uptown Theatre was under construction and stood as a playground for kids like PAUL in the neighborhood.

13.   PAUL is, and at all times relevant to this Complaint was, an Honors student at Loyola Academy in Chicago. He had never been in detention; arrested; or had a warrant issued for his arrest.

14.   On or about April 9, 2006, PAUL was playing on a fire escape landing at the Uptown Theatre. The landing was some 20 feet above the ground.

15.   Defendant KELLINGER and his 020th District Tactile Unit partner, Officer EDWARD BAZAR, Star No. 8135 (hereinafter, "Officer BAZAR"), were on patrol near the Uptown Theatre at the same time; they were dressed in their black, tactical unit "Battle Dress Uniforms."

16.   Noticing PAUL on the landing, Defendant KELLINGER stood directly below PAUL and in a forceful and intimidating manner, cursed, threatened, and ordered PAUL to immediately come down to the ground.

17.   Officer BAZAR, standing only feet away from his partner Defendant KELLINGER, likewise, in a forceful and intimidating manner, cursed, threatened, and ordered PAUL to immediately come down to the ground.

18.   Defendant KELLINGER yelled at and berated PAUL using racial slurs, and advised that **the longer he stayed on the fire escape landing, the worse the beating would be for him**.

- 3 -

19.     PAUL was faced with a dilemma: (1) risk all injury and immediately jump from the landing to the ground near the officers—a fall of some 15 feet; or (2) find a safer route to descend from the landing.

20.     Defendant KELLINGER and Officer BAZAR's directives were so confrontational and frightening to PAUL—and in particular Defendant KELLINGER's threats to beat him—that he chose to risk all injury and jump from the landing. In fact, PAUL dangled off of the fire escape ladder with his hands and fell some 15 feet to the concrete ground.

21.     When PAUL fell down, Defendant KELLINGER and Officer BAZAR aggressively approached PAUL in their combat uniforms shouting at and threatening PAUL. For fear of the beating promised by Defendant KELLINGER, PAUL ran. PAUL was unarmed.

## Paul's Health

22.     PAUL is an asthmatic, and has been since he was about 4 years old. PAUL is, and at all times relevant to this Complaint was, prescribed Combivent and Singulair for treatment of his asthma.

23.     On April 9, 2006, PAUL was 16 years old and weighed only 130 pounds.

24.     According to CPD dispatch records, PAUL was identified as five feet three inches (5' 3") tall.

## The Arrest

25.     Defendant KELLINGER ran after PAUL to purportedly effect an arrest for "trespassing" at the Uptown Theatre.

26.     As an asthmatic, PAUL did not run very far—at most a few blocks when he just could not run any farther.

27.     Defendant KELLINGER—who is, on information and belief, at least 6 feet tall and weighing approximately 200 pounds—caught up with PAUL.

28.     When approached, asthmatic PAUL dropped to his knees submitting to Defendant KELLINGER.

### Excessive Force

29.     Notwithstanding PAUL's submission, Defendant KELLINGER tackled and handcuffed him.

30.     Defendant KELLINGER placed PAUL face down with his hands cuffed behind his back.

31.     Defendant KELLINGER radioed to dispatch to call off all responding police officers. Defendant KELLINGER wanted to handle the arrest without assistance.

32.     Shouting racial slurs and expletives at PAUL, Defendant KELLINGER then punched and kneed PAUL in the face; kicked and stomped on PAUL's back and stomach; and drove PAUL's face into the gravel ground.

33.     PAUL began vomiting from the beating.

34.     PAUL requested his Combivent inhalation medication which he carried in his pocket to assist his breathing (as he was suffering from an asthma attack and broken nose). Defendant KELLINGER responded: "**I hope you die**."

35.     No medical attention was provided to PAUL while in the custody of the CPD.

36.     In effecting the arrest of PAUL, Defendant KELLINGER used physical force that was clearly excessive in light of the circumstances existing at the time of the arrest.

37.     Defendant KELLINGER punched, kicked, bloodied, and beat asthmatic PAUL causing visible bleeding, bruising, and other contusions, as well as breaking his nose and causing damage to his kidneys.

- 5 -

38.     Defendant KELLINGER used excessive force with the intent to inflict unnecessary harm upon PAUL and such use of force caused physical and mental injuries to PAUL.

39.     As a direct and proximate result of the beating inflicted upon him by Defendant KELLINGER, PAUL incurred medical expenses of more than TWENTY-THREE THOUSAND DOLLARS ($23,000.00).

40.     As a direct and proximate result of the beating inflicted upon him by Defendant KELLINGER, PAUL suffered renal failure that is persistent to this date, nearly 12 months after the beating.

41.     Prior to the beating inflicted upon him by Defendant KELLINGER, PAUL had no renal trouble at all; he was, besides being asthmatic, healthy in all other respects.

### The Trial

42.     PAUL was charged and put to trial as a juvenile for criminal trespassing, aggravated battery, and resisting arrest.

43.     All charges against PAUL were dismissed at trial or subsequently vacated in a manner indicative of PAUL's innocence.

### Damages

44.     The conduct of Defendant KELLINGER deprived PAUL of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois.

45.     The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of Defendant KELLINGER caused PAUL the following injuries and damages, which, in part, continue to date and will continue into the future: personal injuries; pain and suffering; severe mental anguish; emotional distress; infliction

- 6 -

of physical illness; humiliation, indignities and embarrassment; and degradation for
which he is entitled to monetary relief.

46.     All of the acts and omissions committed by Defendant KELLINGER
described herein, for which liability is claimed, were done intentionally, unlawfully,
maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet
all of the standards for imposition of punitive damages.

## CAUSES OF ACTION

### COUNT I

## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983
### (Use of Excessive Force)

47.     PAUL hereby realleges and incorporates by reference all of the foregoing
paragraphs and further alleges as follows:

48.     By reason of Defendant KELLINGER's conduct under color of law, PAUL
was deprived of rights, privileges, and immunities secured to him by the Fourth
Amendment of the Constitution and made applicable to the states by the Fourteenth
Amendment.

49.     The violence inflicted upon PAUL was excessive, unnecessary, and
unreasonable and was, therefore, in violation of PAUL's Fourth and Fourteenth
Amendment Rights. Specifically, all of the force described above was without legal
cause and constituted unnecessary and unreasonable excessive force. Therefore,
Defendant KELLINGER is liable to PAUL for all physical and emotional injuries, and
other damages, pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff, PAUL RAMIREZ, respectfully prays that this
Honorable Court:

    a)     Enter judgment against Defendant KELLINGER;

- 7 -

b)   Award PAUL compensatory and punitive damages, as determined at trial;

c)   Award PAUL's attorneys' fees, costs, and interest; and

d)   Award such other and additional relief that this Honorable Court deems equitable and just.

## COUNT II

## DEFENDANT CITY OF CHICAGO'S LIABILITY UNDER 745 ILCS § 10/9-102 (Pendant State Claim)

50.   PAUL hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

51.   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. See 745 ILCS § 10/9-102.

52.   Defendant CITY OF CHICAGO was the employer of Defendant KELLINGER at all times relevant to this Complaint.

53.   Defendant KELLINGER committed the acts alleged above in the scope of his employment as employee of the Defendant CITY OF CHICAGO.

WHEREFORE, Plaintiff, PAUL RAMIREZ, pursuant to 745 ILCS § 10/9-102, demands judgment against Defendant CITY OF CHICAGO in the amount awarded to PAUL against Defendant KELLINGER as damages, attorneys' fees, costs and interest, and/or for any settlement entered into between PAUL and Defendant KELLINGER, and for such other and additional relief that this Honorable Court deems equitable and just.

## COUNT III

## DEFENDANT CITY OF CHICAGO'S LIABILITY UNDER RESPONDEAT SUPERIOR (Pendant State Claim)

54.   PAUL hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

- 8 -

55.     In committing the acts alleged in this Complaint, Defendant KELLINGER

was a member and agent of the Defendant CITY OF CHICAGO's Police Department

acting at all relevant times within the scope of his employment.

56.     Defendant KELLINGER's acts and omissions are directly chargeable to his

employer the Defendant CITY OF CHICAGO under state law pursuant to *respondeat*

*superior.*

57.     Defendant CITY OF CHICAGO is liable as principal for all torts committed

by its agents.

**WHEREFORE**, Plaintiff, PAUL RAMIREZ, demands judgment against

Defendant CITY OF CHICAGO in the form of compensatory damages, attorneys' fees,

costs and interest, and for such other and additional relief that this Honorable Court

deems equitable and just.

## COUNT IV

### BATTERY AGAINST DEFENDANT KELLINGER
### (Pendant State Claim)

58.     PAUL hereby incorporates by reference all of the foregoing paragraphs and

further alleges as follows:

59.     The actions of Defendant KELLINGER in physically abusing PAUL directly
and proximately caused injuries and damages to PAUL, including but not limited to the

cuts, bruises, and contusions on his body, as well as a broken nose and kidney damage,

as claimed above, and constitute the tort of battery under the laws of the State of

Illinois.

**WHEREFORE**, Plaintiff, PAUL RAMIREZ, respectfully prays that this

Honorable Court:

a)     Enter judgment against Defendant KELLINGER;

- 9 -

b)      Award PAUL compensatory and punitive damages, as determined at trial;

c)      Award PAUL's attorneys' fees, costs, and interest; and

d)      Award such other and additional relief that this Honorable Court deems equitable and just.

**WHEREFORE**, Plaintiff, PAUL RAMIREZ, respectfully prays as follows:

A.      That the Honorable Court award compensatory damages to him and against the Defendants, jointly and severally, in an amount to be determined at trial;

B.      That the Honorable Court award punitive damages to him, and against Defendant KELLINGER, in an amount to be determined at trial that will deter such conduct by Defendant KELLINGER in the future;

C.      For a trial by jury;

D.      For pre-judgment and post-judgment interest and recovery of his fees and costs, including but not limited to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E.      For any and all other relief to which he may be entitled.

April 5, 2007                                    Respectfully submitted,

                                                PHYLLIS RAMIREZ on behalf of
                                                her son PAUL RAMIREZ

                                                By: _____
                                                    One of her Attorneys

DANIEL E. RADAKOVICH
Attorney No. 2274272
900 W. Jackson Blvd., Suite 5-East
Chicago, IL 60607
(312) 733-5116

- 10 -